INHABITANTS OF THE TOWN OF MERCER

*vs.*

INHABITANTS OF THE TOWN OF ANSON.

Somerset.    Opinion, February 5, 1944.

*Clayton E. Eames*, for the plaintiffs.

*Charles O. Small*,

*Merrill & Merrill*, for the defendants.

SITTING: STURGIS, C.J., THAXTER, HUDSON, MANSER, MURCHIE, CHAPMAN, JJ.

THAXTER, J.    This is an action to recover for pauper supplies and is before us on report on an agreed statement. The supplies were furnished March 18, 1942, and the sole question

is whether William C. McFadzen, the pauper, had a settlement in the defendant town on that date.

He was the legitimate son of William and Annie Fish McFadzen and was born in New Brunswick June 22, 1906. His father did not have a pauper settlement in Anson or in the State of Maine and never acquired one. His mother did have a pauper settlement in Anson when she was married, and when the son was born, and never acquired a new one after her marriage.

The plaintiff claims that the pauper had the derivative settlement of his mother, and for this contention relies on the provisions of Rev. Stat. 1930, Ch. 33, Sec. I, Par. I and II which prior to their amendment read in part as follows:

"I. A married woman has the settlement of her husband, if he has any in the state; if he has not, her own settlement is not affected by her marriage."

"II. Legitimate children have the settlement of their father, if he has any in the state; if he has not, they have the settlement of their mother within it; . . . "

These portions of the statute as amended in 1933, Pub. Laws 1933, Ch. 203, Secs. 1 and 2 read as follows:

"I. *Pauper settlement further defined.* A married woman has the settlement of her husband, if he has any in the state; if he has not, she shall be deemed to have no settlement in the state."

"II. *Settlement of children.* Legitimate children have the settlement of their father, if he has any in the state; if he has not, they shall be deemed to have no settlement in the state."

The plaintiff claims that the statute as amended was intended to have only a prospective operation and that its purpose was not to alter the status of settlements already existing at the time of its passage. Such is not the law. The case of *In-*

*habitants of the City of Hallowell* v. *Inhabitants of the City of Portland,* 139 Me., 35, 26 A. (2d), 652, is decisive of this. That case holds that towns have no vested rights in pauper settlements, and that the amendment of 1933 changed the law of settlement and controls where the relief is furnished subsequent to its passage.

Under the statutes in force at the time the supplies in question were furnished, the pauper did not, therefore, have a settlement in the Town of Anson. In accordance with the stipulation, the entry will be

*Remanded for entry of*
*Judgment for the defendant.*